IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SJA AMOROSO CONSTRUCTION CO., | No. C 06-2572-SBA |
| Plaintiff, | **ORDER** |
| v. | [Docket No. 87] |
| EXECUTIVE RISK INDEMNITY INC., *et al.*, | |
| Defendants. | |

This matter is before the Court on Plaintiff SJA Amoroso Construction Company's (SJA) Motion to Review the Clerk's Taxing of Costs. [Docket No. 87]. The matter is fully brief. For the reasons discussed below, the Court GRANTS in part and DENIES in part the motion.

## BACKGROUND

Following the entry of judgment in favor of Defendant Executive Risk Indemnity, Inc. (ERII), ERII filed a Bill of Costs, seeking $6,098.12 in costs. The Clerk of the Court taxed costs in favor of ERII in the amount of $5,630.76, denying recovery of travel costs and expenses incurred faxing the proof of service of the Notice to State Court. On December 7, 2007, Plaintiff filed the instant motion requesting that this Court stay ERII's request to tax costs pending appeal of the judgment, or, in the alternative, reduce ERII's award of costs by $4,080.44 for a total of $1,523.32.

## LEGAL STANDARDS

**I.    Federal Rule of Civil Procedure 54(d).**

In general, federal courts have the discretion to set the amount of costs to be taxed, although the discretion is limited to those costs authorized by statute. *Johnson v. Pac. Lighting Land Co.*, 878 F.2d 297, 298 (9th Cir. 1989). Under Fed. R. Civ. P. Rule 54(d), this Court may only tax those expenses or costs "defined in 28 U.S.C. § 1920." *Alflex Corp., v. Underwriters Laboratories, Inc.*, 914 F.2d 175, 176 (9th Cir. 1990). Rule 54(d)(1) provides in pertinent part: "Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be

allowed to the prevailing party." Fed. R. Civ. P. 54(d).  28 U.S.C. § 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and  witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Rule 54(d)(1) establishes a rebuttable presumption "that the prevailing party will be awarded its taxable costs," and the losing party may overcome this presumption by showing a reason to deny costs. *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999); *American Color Graphics, Inc., v. Travelers Property Cas. Ins. Co.*, No. C 04-3518, 2007 U.S. Dist. LEXIS 22641, at 2-4 (N.D. Cal. Mar. 19, 2007) (citing *Dawson v. City of Seattle*, 435 F.3d 1054, 1070 (9th Cir. 2006)). However, if the court declines to award costs that are ordinarily taxable, then it must specify reasons for its decision. *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc).

## II.     Civil Local Rule 54.

A prevailing party seeking to recover costs must file and serve a bill of costs no later than 14 days after entry of judgment or of the order for which costs may be claimed.  Civ. L.R. 54-1(a). When a prevailing party files a bill of taxable costs, the bill "must state separately and specifically each item of taxable costs claimed" and "must be supported by a certificate of counsel, pursuant to 28 U.S.C. § 1924, that the costs are correctly stated, were necessarily incurred, and are allowable by law."  Id.  "The certificate of counsel required by 28 U.S.C. § 1924 as well as the bill of costs submitted pursuant to Civil Local Rule 54-1(a) shall be prima facie evidence of the facts recited therein.  The burden is on the opposing party to establish that a claim is incorrectly stated, unnecessary or unreasonable."  Civ. L.R. 54-1(c).  Under this Court's Civil Local Rules, a party against whom taxation of costs is sought may file objections to the bill of costs, after his or her counsel has met and conferred with opposing counsel or attempted in good faith to do so, within ten

2

1 days after service of the bill of costs.  Civ. L.R. 54-2.

2 No sooner than 10 days after receipt of proof of service of a bill of taxable costs on a party against whom costs are claimed, the Clerk shall tax costs after considering any objections filed pursuant to Civil Local Rule 54-2.  Civ. L.R. 54-4.  A party may file with the assigned Judge a motion for review of the costs allowed within five days of service of the Clerk's notice taxing costs.  *Id*.  If no motion for review is timely filed, the bill of costs shall become final fifteen days after the date of the Clerk's notice taxing costs.  *Id.*

## DISCUSSION

### I.      Expense of Securing Deposition Transcripts.

SJA requests the reduction of the Clerk's tax of costs ERII incurred in securing the transcripts for the following depositions: Jeffrey Saul Pollak, Marc Anthony Rengel, and Andrew Youngquist.  [Motion, p. 4-6].  SJA puts forward two grounds for denying these costs: (1) that expenses incurred in securing transcripts of depositions are not allowable when the depositions are "not offered in evidence nor apparently used" and (2) the expenses are disallowed when it was unnecessary to scrutinize the case on depositions.  [Motion, p. 4-6].  In response, ERII argues that SJA failed to meet its burden under Rule 54(d)(1), which requires the losing party to show valid reasons for denying costs.  [Amended Opposition, p. 4].  Moreover, ERII further defends these costs on the grounds that the depositions were "reasonably necessary" to the adjudication of the summary judgment motion, in which both sides relied on the testimony provided in the depositions.  [Amended Opposition, p. 4-5].

Civil Local Rule 54-3(c)(1) permits the "cost of an original and one copy of any deposition (including videotaped depositions) taken for any purpose in connection with the case," which has been interpreted to allow a copy of a deposition transcript as well.  *Affymetrix Inc. v. Multilyte Ltd.*, No. C 03-03779, 2005 U.S. Dist. LEXIS 41177, at 2 (N.D. Cal. Aug. 26, 2005) (citing *Intermedics, Inc., v. Ventritex, Inc.*, 1993 U.S. Dist. LEXIS 17803, at 4 (N.D. Cal. Dec. 2, 1993)).  However, this Court must find that the transcripts were obtained for depositions that were "reasonably necessary" at the time the deposition was taken.  *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993).  A court must evaluate the necessity of a deposition both "in light of the facts known at the time the expense was

3

1 incurred" and "without regard to intervening developments that later render the transcript
2 unnecessary." *Id.*

3 In the instant case, ERII argues that in order to properly prepare for trial and pre-trial
4 matters, such as the motion for summary judgment which ultimately disposed of this case, it had to
5 obtain the depositions in question. [Amended Opposition, p. 4-5]. ERII also argues that the
6 depositions of Youngquist, Rengel, and Pollak were relevant to issues involving the dispute, and
7 were relied on by both ERII and SJA either in support or opposition to the motion for summary
8 judgment. [Amended Opposition, p. 4-5]. SJA's objections rely on a more narrow reading of the
9 necessity required. This Court merely needs to find that ERII's deposition costs were reasonable,
10 given the circumstances that existed when they were taken. *Intermedics, Inc., v. Ventritex, Inc.*,
11 1993 U.S. Dist. LEXIS 17803, at 13 (N.D. Cal. Dec. 2, 1993). Moreover, the fact that a case never
12 goes to trial is of no relevance when ascertaining whether the costs of depositions may be taxed. *Jop*
13 *v. City of Hampton*, 163 F.R.D. 486, 488 (E.D. Va. 1995).

14 The necessity to obtain evidence to prepare for both trial and pre-trial matters prior to the
15 closing of discovery and a possibly dispositive motion is sufficient to meet the standard. In light of
16 the circumstances, it was reasonably necessary to conduct depositions of witnesses who possessed
17 details surrounding the contractual relationship at issue. Even if the depositions had not been relied
18 upon in the motion for summary judgment, they were relevant to trial. In fact, ERII noticed
19 Youngquist's deposition within the discovery period, and the deposition testimony was extensively
20 cited in ERII's Motion for Summary Judgment. [Amended Opposition, p. 4-5].

21 As for the depositions of Rengel and Pollak, SJA not only was the noticing party but also
22 relied on their testimony in the opposition to the motion for summary judgment. Thus, the
23 deposition transcripts were permissibly taxed as costs to SJA as the losing party. The motion is
24 DENIED to the extent SJA seeks to disallow $2,6721.25 for ERII's costs associated with the
25 securing of transcripts for the depositions of Jeffrey Saul Pollak, Marc Anthony Rengel, and
26 Andrew Youngquist.

27 **II.    Costs of Service of Subpoenas.**

28 SJA also challenges the recovery of costs incurred in serving subpoenas on the following

4

deponents: the Custodian of Records of Mauna Kea Properties, DAP Construction, LLC, Andrew Youngquist, and American Home Assurance Company. [Motion, p. 2-3]. SJA originally argued that these costs were not taxable for two reasons: (1) ERII failed to provide documentation that the fees were actually incurred, and (2) the subpoenas were impermissibly served by private process servers. [Motion, p. 2-3]. SJA concedes that *Alflex Corp. v. Underwriters Laboratories Inc.*, 914 F.2d 175, 178 (9th Cir. 1990) is controlling and that the use of private process servers is permissible but continues to argue that the fees taxed must be reduced by $591.62 because ERII merely provided self-prepared office forms to support that it paid the fee rather than billing invoices or copies of checks. The Court's review of ERII's supporting documentation clearly demonstrates that invoices were submitted and the motion is DENIED to the extent SJA seeks to disallow $621.62 for costs associated with the securing of transcripts for the depositions of Jeffrey Saul Pollak, Marc Anthony Rengel, and Andrew Youngquist.

**III.     Federal Express and postage expenses.**

Shipping or expedited delivery charges are not allowable costs. *See Affymetrix, Inc., v. Multilyte Ltd.*, No. C 03-03779, 2005 U.S. Dist. LEXIS 41177, at 2 (N.D. Cal. Aug. 26, 2005) (citing *Ishida Co., Ltd. v. Taylor*, 2004 U.S. Dist. LEXIS 24480, at 1 (N.D. Cal. ) (text omitted)). For this reason, the Federal Express delivery charges incurred by ERII are "not taxable costs under 28 U.S.C. § 1920" and the motion is GRANTED and $363.78 for costs to Federal Express documents is disallowed.

## **CONCLUSION**

For the reasons discussed above, the Plaintiff's motion is GRANTED in part and DENIED in part, and the Clerk's tax of costs should be reduced by $363.78 for a total of $5,266.98.

IT IS SO ORDERED.

Dated: 4/8/09

_Saundra B Armstrong_
Saundra Brown Armstrong
United States District Judge